**UNITED STATES of America**

v.

**Michael Edward JOHNSON.**

**Crim. No. 90–459 SSH.**

United States District Court, District of Columbia.

March 2, 1993.

Robyn C. Ashton, Asst. U.S. Atty., David S. Eisenberg, U.S. Attorney's Office, Washington, DC, for plaintiff.

Gregory B. English, Alexandria, VA, for defendant.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on remand from the United States Court of Appeals for the District of Columbia Circuit. *See United States v. Johnson,* 970 F.2d 907 (D.C.Cir. 1992). The case was remanded for a finding under *Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). *See Johnson,* 970 F.2d at 916.

Defendant contended on appeal that this Court erred in excluding the testimony of two alibi witnesses. Defendant conceded that he had not complied with Fed.R.Crim.P. 12.1(a). That rule requires a defendant to notify the Government of an alibi defense and to identify any alibi witnesses within ten days of receiving notice of the alleged time, date, and place of the offense. Under Rule 12.1, the trial court has discretion to exclude alibi testimony for failure to comply with its terms. *Id.; see Johnson,* 970 F.2d at 910.

■ Defendant did not give the Government notice of the two alibi witnesses until after the first trial in this matter had ended in a hung jury. Defendant's counsel notified the Court and the Government of his intention to call defendant's brother and a friend as witnesses two weeks before the scheduled retrial on March 6.[1] (*See* Letter dated Feb. 19, 1991.) According to counsel, defendant first informed him of the witnesses' potentially exculpatory testimony on February 19. (Tr. Mar. 6, 1991, p. 8.) On the first day of trial, the Government objected to the proposed testimony for failure to comply with Rule 12.1(a). In the colloquy between the Court and counsel, the Court specifically cited *Taylor v. Illinois.* (Tr. pp. 6–7.) The Court excluded the testimony of the two alibi witnesses but noted as a matter of courtesy to defense counsel its belief that he had acted in good faith. (Tr. at 7, 14). Neither counsel sought any further elucidation from the Court.[2]

The Court of Appeals noted that "the record appears to justify exclusion under *Taylor*." It further stated: "We could normally affirm on this record, but as the judge's only factual finding (good faith of counsel) is slightly counter to the decision to exclude, we remand for the district court to exercise its discretion under *Taylor* expressly." *Johnson,* 970 F.2d at 912.

Under *Taylor,* the Court must consider the defendant's "fundamental" right to offer testimony in his favor. *Taylor,* 484 U.S. at 414–15, 108 S.Ct. at 656. The Court also must consider "[t]he integrity of the adversary process, which depends both on the presentation of reliable evidence and the rejection of unreliable evidence, the interest in the fair

---

1. Defense counsel notified the Court and the Government of the names and addresses of the witnesses he intended to call by a letter dated February 19, 1991. The letter did not indicate that the witnesses would support defendant's alibi defense and did not state "the specific place or places at which the defendant claim[ed] to have been at the time of the alleged offense" as required by Rule 12.1(a).

2. Although transcripts often reflect why a trial judge ruled as he or she did on an evidentiary question, there is no general requirement that any reason for such a ruling be given. *See, e.g.,* Fed.R.Evid. 103. Moreover, it is axiomatic that, unlike administrative law judges, trial judges may be "right" for the "wrong" reason. The giving of "reasons" for the innumerable rulings that are made in the course of a trial is neither feasible nor required.

and efficient administration of justice, and the potential prejudice to the truth-determining function." *Id.*

■ Defendant's proffered alibi testimony was inherently suspect, in major part because it arose only on the eve of the second trial. *See Taylor,* 484 U.S. at 413, 108 S.Ct. at 655; *Williams v. Florida,* 399 U.S. 78, 81, 90 S.Ct. 1893, 1896, 26 L.Ed.2d 446 (1970). Defendant had no satisfactory explanation for his failure to notify counsel of the potentially favorable testimony and to have requested the witnesses' appearance at the first trial. According to counsel, defendant had "difficulty" locating the witnesses until just before the second trial. The Court found that explanation highly dubious, considering that the witnesses were defendant's brother and a friend. Indeed, it would be difficult to imagine a satisfactory explanation for the failure of those witnesses to have come forward with purportedly exculpatory testimony at the first trial.[3]

Defendant testified before the undersigned both at his pretrial detention hearing and in his first trial. His testimony on those occasions was inconsistent and was not credible. (*See* Pretrial Detention Order, p. 3.) Defendant appeared to adjust his story according to the audience.[4] (*Compare* Tr. Nov. 1, 1990, *with* Tr. Jan. 10, 1991.) The Court concluded that defendant had perjured himself at both prior appearances. Based on that assessment and the overall circumstances, the Court rejected defendant's explanation for the late disclosure of the supposed alibi witnesses. The Court concluded that the proffered testimony would have been perjurious and that defendant was seeking to "sandbag" in an attempt to prevent the Government from challenging the alibi testimony effectively at trial. Balancing those factors against defendant's right to present evidence, the Court concluded that excluding the testi-

mony was appropriate.[5] *See Taylor,* 484 U.S. at 414, 108 S.Ct. at 656.

The Court feels obliged to note that the appellate opinion evidences a troubling lack of deference for this Court's implicit assessment of the facts. The Court of Appeals implies that this Court somehow reached its conclusion for improper or inadequate reasons, although the record demonstrates the existence of proper reasons—including the citation of the controlling Supreme Court case from the bench. The Court also is troubled that the Court of Appeals appears to have been so affected by the trial court's rather bland comments to defense counsel. Those statements were purely and simply a matter of professional courtesy; the undersigned did not want the record to reflect that defense counsel was considered personally responsible for coming up with supposed alibi witnesses just before a second trial. Furthermore, the finding of good faith on the part of counsel implicitly conveyed the Court's belief that it was the defendant who acted in bad faith. The Court saw nothing to be accomplished by stating that belief directly on the first morning of the second trial.

---

3. Defendant was aware of the alleged date and location of the offenses almost four months prior to the first trial. Therefore, he easily could have complied with Rule 12.1(a). At a minimum, defendant could have provided notice within sufficient time for the Government to investigate the alibi before the second trial.

4. Defendant offered a third account at the second trial. (*See* Tr. Mar. 8, 1991.)

5. The alternatives suggested by defense counsel, continuing the trial or allowing the Government several days to investigate the alibi in the middle of trial, were not feasible given the Court's trial schedule. Furthermore, those alternatives would have been more compelling if discussion of the testimony had arisen before the first trial rather than the retrial.